IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR BRENNAN MALLOY )
AIS #101329, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:09-CV-467-ID
)
DAVID WISE, et al., )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy ["Malloy"], a state inmate, on May 15, 2009. In this petition, Malloy maintains he qualifies for a reduction of his 1981 life without parole sentence under the amendments to the Alabama Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, and, therefore, the trial court improperly deprived him of due process in denying his motion for reconsideration of sentence filed pursuant to *Ala. Code* § 13A-5-9.1.[1]

---

[1]"Section 13A-5-9.1 directs the sentencing judge or the presiding judge to apply the provisions of § 13A-5-9 retroactively, thereby making the benefits of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000. Section 13A-5-9(c)(3), as amended in 2000, allows a sentencing judge to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate. In making that decision, the sentencing judge does not have the power to decide the secondary issue - whether the defendant will be granted parole should the judge sentence him or her to "straight" life imprisonment. Under § 13A-5-9.1, a judge applying § 13A-5-9(c)(3) to a previously sentenced defendant merely has the authority to conduct a new sentencing hearing, and in the judge's discretion, to modify a previous sentence under which a defendant would have never been eligible for parole to a sentence of "straight" life imprisonment, under which a defendant might thereafter become eligible for parole, depending upon the factors then established by the Parole Board.....
"....
"... Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can

## DISCUSSION

A review of the records of the federal courts of this state establish that Malloy filed a previous habeas petition in which he challenged actions regarding a potential reduction of his sentence under *Ala. Code* § 13A-5-9.1 - *Malloy v. Riley, et al.*, Case No. 02-CV-79-TMP-M (N.D. Ala. 2003).[2] In this prior case, the United States District Court for the Northern District of Alabama construed the general habeas application as one filed pursuant to 28 U.S.C.§ 2254. The district court determined the petition was a successive habeas petition because Malloy had filed several prior habeas petitions challenging the constitutionality of his 1981 sentence. Thus, the court summarily dismissed the application for lack of jurisdiction as Malloy "has failed to obtain authorization from the Eleventh Circuit Court of Appeals to bring the successive petition" as required by the provisions of 28 U.S.C. § 2244(b)(3)(A). *Respondents' Exhibit C - Court Doc. No. 7-4* at 2-3.

On appeal from this decision, the Eleventh Circuit determined "that the district court properly construed Malloy's § 2241 petition as a § 2254 petition." *Respondents' Exhibit D -*

---

resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders."
*Kirby v. State*, 899 So.2d 968, 973-974 (2004) (footnote omitted).

[2] The Eleventh Circuit noted:

> In this petition, Malloy alleged that the Governor of Alabama illegally interfered in his "right to 'a sentence reduction' and 'the early release on parole,'" purportedly conferred under Act No. 2001-977, by ordering the Alabama Department of Corrections "not to conduct or release any evaluations pursuant to [Act No. 2001-977] until an approved process is in place."

*Respondents' Exhibit D - Court Doc. No. 7-5* at 3.

*Court Doc. No. 7-5* at 6. The appellate court further concluded that the district court "properly dismissed [Malloy's] petition for lack of jurisdiction." *Id*. at 7. ("According to the list of prior habeas corpus petitions set forth in his current petition, Malloy attacked the constitutionality of HFOA in a previous § 2254 petition. *See Malloy v. Jones*, CV-86-H-1160-N (M.D. Ala. 1988). He advances a substantially similar challenge in this case. Thus, his current § 2254 petition is 'second or successive' and, under § 2244(b)(3)(A), required prior authorization from the court of appeals.... Malloy did not obtain this authorization and, therefore, the district court properly dismissed his petition for lack of jurisdiction.").

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by the parties that Malloy has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is a

successive] habeas corpus petition and because [Malloy] had no permission from [the Eleventh Circuit] to file [such] a ... habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.[3]

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy on May 15, 2009 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Malloy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before July 23, 2009 the parties may file objections to the

[3]Moreover, Malloy's challenge to the trial court's decision denying his motion for sentence reduction entitles him to no relief from this court. Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). "'A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted)." *Curry v. Culliver*, 141 Fed.Appx. 832, 834 (11th Cir. 2005). Malloy asserts he has been denied due process by the state court's denial of his motion for reconsideration of sentence because "he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1. This is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. *See Carrizales,* 699 F.2d at 1055." *Curry*, 141 Fed.Appx. at 834.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of July, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE