IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY ) | |
| AIS #101329, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-467-ID |
| ) | |
| DAVID WISE, et al., ) | |
| ) | |
| Defendants. ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Once again, Malloy seeks relief from the 1981 life without parole sentence imposed on him by the state courts. Malloy contends he is entitled to a reduction in his sentence under amendments to the Alabama Habitual Felony Offender Act, Ala. Code § 13A-5-9.

Previously in this case on July 9, 2009, the undersigned Magistrate Judge recommended that Malloy's 28 U.S.C. § 2254 petition for habeas relief be denied because it was a successive petition for which he had not received filing approval from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). The court adopted the Recommendation and dismissed the case. Malloy appealed. The court denied Malloy's motion for leave to appeal *in forma pauperis*, certifying that the appeal was not taken in good faith. The Eleventh Circuit dismissed his case with the mandate issuing on December 29, 2009.

Remaining unsatisfied with that result, Malloy has now filed a document which he

titles a motion for relief from judgment pursuant to FED.R.CIV.P. 60(b).  Malloy contends the judgment in this case is "void and a nullity" because the state courts' denial of his motion for resentencing was contrary to Due Process.  Having said that, Malloy presents the same substantive arguments he has presented before.

Fed.R.Civ.P. 60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence.  *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).  The Federal Rules of Civil Procedure govern "suits of a civil nature."  FED.R.CIV.P. 1.  Although FED.R.CIV.P. 60 may be used in limited circumstances to set aside *habeas denials*, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), Malloy's motion clearly attacks the sentence imposed on him in the state court criminal proceedings against him and raises no challenge to the ruling of this court in any prior action for habeas corpus relief.

Malloy alleges that the state court's application to him of the state's habitual felony offender act provisions was wrong under state law.  Malloy uses phrases such as "unreasonable determination" and "unreasonably applied clearly established federal law" to suggest that in its prior determination of his claims, this court was in error.  However, Malloy's claim, although dressed in federal law language, is nothing more than a claim that the state court improperly applied state law.  In *Gonzalez*, *supra*, the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for relief from

a ... judgment of conviction" – is in substance a successive petition for habeas relief.  *See Gonzales*, 545 U.S. at 529-32.  Malloy's allegations present "claims" for relief from a judgment of conviction within the meaning of *Gonzalez*.  Consequently, Malloy's attack on his sentence must be treated as a successive § 2254 petition, despite Malloy's having designated his pleading as one seeking relief under Fed.R.Civ.P. 60(b).  *See Gonzalez*, 545 U.S. at 531-32.

Because Malloy has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief under 28 U.S.C. § 2254, this court lacks jurisdiction to grant the requested relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).  Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Gilreath*, 273 F.3d at 934.   Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

    1.  The instant petition be DENIED.

    2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Malloy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

    It is further

    ORDERED that on or before **March 2, 2011,** the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of February, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE